**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUSTIN MICHAEL TERMINI, | : |
| Plaintiff, | : Civil Action No. 06-1944 (FLW) |
| v. | : **O P I N I O N** |
| ATLANTIC COUNTY JUSTICE FACILITY, et al., | : |
| Defendants. | : |

**APPEARANCES:**

    JUSTIN MICHAEL TERMINI, Plaintiff pro se
    #138852
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey  08330

**WOLFSON**, District Judge

    Plaintiff, Justin Michael Termini ("Termini"), a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of indigence and six months institutional account statement, the Court grants Termini's application to proceed in forma pauperis and directs the Clerk of the Court to file the Complaint without pre-payment of the filing fee.

Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the Complaint should be dismissed without prejudice.

## I.   BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review. In his Complaint, Termini asserts that he is unable to properly research his case because he has to make a research request through a social worker with no legal training, and who is not appointed to assist him in legal matters. He also alleges that the jail has no law books that he can use in his research. Termini claims that he has "a right to personally research any law or case set forth by the U.S. Government." (Complaint, ¶ 4). His claim is asserted against the following named defendants, the Atlantic County Justice Facility ("ACJF"), and the Warden at ACJF, Gary Merline. (Compl., ¶ 3B and C).

Plaintiff seeks injunctive relief directing that the defendants furnish inmates with an adequate library. He also asks for $1,000,000.00 in damages. (Compl., ¶ 5).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action

in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must assume the truth of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiffs. Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division, 411 F.3d 427, 431 (3d Cir. 2005). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

---

[1] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). It appears that plaintiff has not incurred any strikes under 28 U.S.C. § 1915(g).

3

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

4

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson, 293 F.3d at 106.

### III.   SECTION 1983 LIABILITY

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the claims asserted against the Atlantic County Justice Facility are subject to dismissal because jail facilities are not "persons" for purposes of § 1983 liability. See Grabow

v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976). Accordingly, the Complaint will be dismissed in its entirety as against this defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV.  ANALYSIS

The Court liberally construes the allegations in the complaint as asserting a denial of access to the courts claim. Essentially, Termini asserts that there are no paralegals or other legal assistance at the ACJF library to help inmates with legal research. He also alleges that the jail does not have the law books he needs for his legal research.

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983). In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights. Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988)

6

(chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The right of access to the courts is not, however, unlimited. "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges. See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa. March 31, 2000). But see United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law

library); Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (same); United States v. Walker, 129 F.3d 1266, 1997 WL 720385, **4 (6th Cir. 1997) (same).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense. See Lewis, 518 U.S. at 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997). "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

Here, Termini fails to allege any actual injury as a result of the alleged non-existence of paralegals or particular law books in the law library. Moreover, it is clear that Termini was able to file this Complaint without any allegations that his efforts to do so were encumbered in any way. Therefore, plaintiff does not show actual injury with respect to the general claim that he was denied access to the courts by the alleged failure of the ACJF officials, namely defendant, Warden Merline,

8

to provide paralegals and law books in the jail law library for the inmates' research needs.  Moreover, Termini does not claim that he has been denied legal access to challenge an unlawful conviction or to seek redress for violations of his constitutional rights.  Accordingly, Termini fails to state a claim for denial of access to the courts, and the Complaint will be dismissed without prejudice.

## V.   CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint in its entirety, without prejudice, for failure to state claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate Order follows.


                              s/Freda L. Wolfson
                              FREDA L. WOLFSON
                              United States District Judge

DATED: May 22, 2006